## Connell v. Synowsky

*Kenneth D. Perkins,* for plaintiff.
*Leo M. Stepanian,* for defendant.

KIESTER, *S.J.* October 17, 1991—After oral argument on October 8, 1991, there is before the court for a ruling defendant's preliminary objections in the nature of a demurrer to the complaint. Comprehensive briefs have been filed by counsel in support of their respective positions.

## FACTS

Plaintiff claims damages for emotional distress as the result of witnessing defendant's vehicle strike and kill his fiancee. The complaint avers that plaintiff had walked around the rear of a vehicle to enter on the passenger side while his fiancee stood by the driver's side. The vehicle was owned by plaintiff and his fiancee. While in these positions plaintiff observed the vehicle operated by defendant proceeding carelessly and recklessly strike his fiancee tossing her 82 feet. Defendant fled the scene after causing other damage. Plaintiff rushed to the side of his fiancee and heard her last words before she died. The complaint further avers that plaintiff and the fiancee were engaged to be married and that their co-habitation constituted a family unit including a young child of the fiancee. The foregoing is a brief summary of the averments of the complaint.

## ISSUE

Is a plaintiff who suffers extreme emotional distress as a result of viewing his fiancee killed by defendant who was intoxicated and operating his motor vehicle at a dangerous and reckless rate of speed, entitled to recover damage?

## DISCUSSION

The standard for determining an objection raising a demurrer as set forth in the textbook is as follows:

"[A] preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted. . . ." Goodrich Amram 2d 1017(b): 27, p. 272.

The pleadings do not clearly and without a doubt establish that plaintiff was not located near the scene of the accident. This is a factual issue that cannot be determined at this stage of the pleading. The complaint states this factor/element of the tort with sufficient specificity.

Another factor/element of the tort is "whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident. . . ." *Kozatsky v. King David Memorial Park,* 515 Pa. 183, 194, 527 A.2d 988, 993 (1987). Both counsel agree that the foregoing is an element of the tort. The pleading is sufficient and the objection to the same lacks merit.

The third element of the tort as stated by court decisions is "(3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." 515 Pa. at 194, 527 A.2d at 993.

Counsel for the parties agree that this is a case of first impression. It is that because plaintiff and the victim were not married. The complaint states that "they resided at the same place, were engaged to be married, and their cohabitation constituted a family unit including the decedent's child."

Plaintiff and the victim had not been wed in any civil or civil/religious ceremony. A common law marriage is not averred. The only contact averred is an engagement which can be broken by either party at any time without any sanction directly related to the contract of a mere engagement.

Much of modern society without approval or disapproval accepts cohabitation between consenting adults. This was not always true. As recent as 1975 the Supreme Court of Pennsylvania declared unconstitutional as discriminatory the portion of a statute that imposed a greater penalty on the male than the female for fornication and bastardy. This statute was later repealed.

Most church law forbids fornication.

The ramifications arising from extending civil law rights to non-wed couples are not measurable but would be considerable. It is the opinion of the undersigned that granting marital tort rights to the fiancee of a victim would constitute an unnecessary as well as an undesirable expansion of the law even in this modern, liberal society.

## ORDER OF COURT

And now, October 17, 1991, the court sustains the demurrer to the complaint filed on behalf of Douglas E. Synowsky, defendant. The complaint filed by Timothy L. Connell is hereby dismissed.